UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RO T. HO,<br><br>   Plaintiff,<br><br> v.<br><br>JO ANNE B. BARNHART, Commissioner,<br>Social Security Administration,<br><br>   Defendant. | CASE NO. C05-5475RBL<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for April 14, 2006 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff was born in 1949 in Veitnam. She attended primary school in Vietnam, and started working in farms at a relatively young age. She was married at age 18 and they had six children. Her family moved to the United States in 1998. She has no past relevant work history.

Plaintiff filed an application for Title XVI benefits on March 12, 2002, with a protective filing date of February 11, 2002 (Tr. 58-62). She alleged disability beginning January 1, 1989, based on osteoarthritis, gastritis, headaches, anxiety, and an organic mental disorder (Tr. 59, 200). The application was denied initially (Tr. 26-29) and on reconsideration (Tr. 36-38). An administrative law judge (ALJ) held a de novo

1  hearing on June 17, 2004, at which she heard testimony from Plaintiff, and Bruce Olson, Ph.D., a medical
2  expert (Tr. 197-216). On September 3, 2004, the ALJ found that Plaintiff had no severe impairments and
3  was not disabled within the meaning of the Social Security Act (Tr. 13-22). Plaintiff requested
4  administrative review, but the Appeals Council declined (Tr. 4-6), making the ALJ's decision the final
5  decision of the Commissioner for purposes of judicial review. 20 C.F.R.§ 422.210.
6      Plaintiff raises several issues in her opening brief.
7      After carefully reviewing the parties' arguments and the administrative record, the undersigned
8  finds no error in the ALJ's analysis or application of the law.  The court should affirm the administrations
9  denial of Plaintiff's application for social security benefits.

## DISCUSSION

11      This Court must uphold the Secretary's determination that plaintiff is not disabled if the Secretary
12  applied the proper legal standard and there is substantial evidence in the record as a whole to support the
13  decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant
14  evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales,
15  402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla
16  but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v.
17  Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational
18  interpretation, the Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th
19  Cir. 1984).

20  A.    *THE ALJ PROPERLY WEIGHED THE MEDICAL EVIDENCE AND CONCLUDED THAT PLAINTIFF DID NOT SUFFER FROM ANY "SEVERE" IMPAIRMENT*

22      The ALJ follows a five-step sequential evaluation process for determining whether a claimant is
23  disabled. 20 C.F.R. § 416.920. The claimant bears the burden of proof at steps one through four. Tackett
24  v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).   Step-two of the administration's evaluation process
25  requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520,
26  416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic
27  work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a).  The  Social Security Regulations and Rulings, as
28  well as case law applying them, discuss the step-two severity determination in terms of what is "not severe."  According to the Commissioner's regulations, "an impairment is not severe if it  does not

1 significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c),
2 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including,
3 for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R.
4 § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28"). An impairment or combination of
5 impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no
6 more than a minimal effect on an individuals ability to work." *See* SSR 85-28; Yuckert v. Bowen, 841
7 F.2d 303, 306 (9th Cir. 1998) (adopting SSR 85-28)(emphasis added).

8 The ALJ is responsible for resolving conflicts and ambiguities in the medical testimony.
9 Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989); Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.
10 1984). Here, the ALJ properly weighed the medical evidence. The ALJ specifically relied on the opinion
11 and statements of the medical expert, Dr. Olson. Dr. Olson reviewed all the medical records, including the
12 records supplied to him at the administrative hearing, and clearly explained that the records did not warrant
13 any psychiatric diagnosis (Tr. 210, 214). Dr. Olson explained that Dr. McCollom's report (exhibit 6F) and
14 diagnosis was based on invalid tests (Tr. 210-213).

15 In the body of her opinion, the ALJ noted that Plaintiff's primary care physician, Dr. Lee, reported
16 that x-rays of Plaintiff's lower back in August 2000 showed only mild degenerative changes (Tr. 17, 135).
17 Lumbar spine X-rays on February 14, 2003, showed no significant abnormalities (Tr. 17, 189). A CT scan
18 of her head on June 12, 2002, was normal and no further neurological examinations were recommended for
19 her headaches (Tr. 17, 142). The medical evidence is inconsistent with Plaintiff's complaints of disabling
20 back pain, headaches, cognitive disorder, and/or anxiety. The ALJ properly found that the reports and
21 diagnosis of Dr. Le did not establish that Plaintiff had a severe impairment.

22 The ALJ also considered the opinion of State Agency reviewing psychologist, John Robinson,
23 Ph.D., and appropriately discredited the opinion because it was based solely on the examination of
24 consultative psychologist, Dr. McCollum, which, as noted above, was invalidated by the medical expert
25 (Tr. 18, 162, 166). The ALJ noted that Dr. Robinson did not have the benefit of the entire record for his
26 review, as did Dr. Olson. Further, Dr. Robinson's opinion did not support disability, as he felt she would
27 be able to work at the same jobs she had done in the past (Tr. 162,166).

28 In sum, the ALJ accurately summarized the medical evidence, interpreted it, and gave specific and

REPORT AND RECOMMENDATION
Page - 3

1 legitimate reasons for her decision, as required (Tr. 19-24).  Based on the legal standards noted above, the
2 medical evidence does not establish any abnormality that has more than a minimal effect on Ms. Ho's ability
3 to work.

**B.	"NEW EVIDENCE" DOES NOT WARRANT REMAND**

Under the Social Security Act, the court may order the administration to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).  Thus, the plaintiff must show that the proffered new medical evidence is: "(1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative.  The concept of materiality requires in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide the claimant's application differently.  Finally, claimant must show (3) good cause for [his] failure to present the evidence earlier."  Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir.1988) (internal citations omitted); see Sanchez v. Secretary of Health and Human Serv., 812 F.2d 509, 511 (9th Cir.1987) and Booz v. Secretary of Health & Human Services, 734 F.2d 1378, 1380 (9th Cir. 1984).

Following the Unfavorable Decision issued by Judge Schellentrager, Plaintiff filed a new application for Supplemental Security Income based on more recent medical records.  Plaintiff referenced the following records:

(1)	Medical Certification for Disability Exceptions prepared by Paul W. Hageman, M.D. (Psychiatrist), dated July 23, 2003; and

(2)	Letter to counsel from Nancy Corley-Wheeler dated March 28, 2002, continuing to affirm that Claimant "remains very mentally disabled.

Plaintiff argues this evidence requires remand to provide the administration the opportunity to include those records in its consideration of plaintiff's original application, which is the matter at hand.

The court notes that the records referenced were not submitted to the Appeals Council when she requested review of the ALJ's decision and that she has not provided copies of the records for the court to review.  The ALJ's decision and the Appeals Council's affirmation is properly based on the administrative record that was developed.  If the new evidence warrants a different decision or further consideration, it was properly presented in a new application for benefits.

REPORT AND RECOMMENDATION
Page - 4

## CONCLUSION

Based on the foregoing, the court should AFFIRM the administration's decision.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 14, 2006**, as noted in the caption.

DATED this 20th day of March, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge